```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

PATRICIA KAY STEINFORT,         )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-13-235-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Patricia Kay Steinfort (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 13, 1951 and was 60 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an institutional cook and hospital housekeeper. Claimant alleges an inability to work beginning December 23, 2007 due to limitations resulting from degenerative disc disease with radiculopathy, osteoarthritis,

ischemic heart and coronary artery disease, right hip abscess and cellulitis, shoulder impingement, fibromyalgia, hypothyroidism, hypertension, anxiety, and pain disorder.

**Procedural History**

On May 4, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 2, 2011, an administrative hearing by video was held before Administrative Law Judge ("ALJ") Charles Headrick. On December 23, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on March 28, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate the opinion of Claimant's treating physician; and (2) failing to properly evaluate Claimant's mental impairments.

### Evaluation of Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, mild degenerative joint disease of the hips, bilateral shoulder impingement syndrome, coronary artery disease, and ischemic heart disease. (Tr. 11). He also found Claimant retained the RFC to perform a full range of medium work. (Tr. 13). After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as an institutional cook and hospital housekeeper. The vocational expert also determined Claimant could perform the representative jobs of order clerk, clerical mailer, and semiconductor assembler. (Tr. 20).

Claimant contends the ALJ failed to adequately evaluate the opinions of her treating physician, Dr. Gerald Rana. Dr. Rana completed a Physical Medical Source Statement on Claimant on October 28, 2010. He determined Claimant could sit for one hour at a time for 4 hours in an 8 hour workday, stand/walk for 10-30 minutes at a time for one hour in an 8 hour workday, occasionally lift/carry up to 10 pounds, use her feet for pushing and pulling leg controls, use her hands to grasp and finger, occasionally bend

5

and squat but never crawl, climb, or reach. She was restricted by Dr. Rana from unprotected heights, being around moving machinery, exposure to marked changes in temperature and humidity, and exposure to dust, fumes, and gases. Dr. Rana states that his conclusions are objectively supported by x-rays and lab results. He found Claimant to have increased numbness in the arm/hands/legs/feet, increased pain in the neck and lower back, and muscle spasms in the back. (Tr. 446-48).

The ALJ determined that Dr. Rana's opinion was due "little weight." The evaluation of the opinion was summarized by the ALJ as follows:

> Dr. Rana's office administered the injection on December 19, 2007, that resulted in the claimant's hospitalization for cellulitis and the claimants "fear" of injections. The claimant did not return to see Dr. Rana until February 2008 when seen for bronchitis. Two years later in February 2010, the claimant was seen for blood pressure problems, back pain, and neck pain. Eight months later, Dr. Rana completed the medical source statement for the claimant. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case. Little weight is given to the

6

opinion of Dr. Rana.

(Tr. 18-19).

Dr. Rana clearly had the most extensive treating relationship with Claimant having seen her at least 25 times. During those visits, Dr. Rana consistently found abnormalities in "Inspection/palpation misalignment/tenderness", "Assess ROM", "Stability/Muscle tone/strength", and "Gait/station." (Tr. 340, 342, 344, 346, 348, 350, 354, 356-57, 359, 361, 363, 365, 367, 369, 371, 376, 378, 380, 384, 386, 391, 398, 467). The ALJ did not discuss these findings. Rather, he engaged in hypothetical speculation as to the possible motives a doctor might have in rendering an opinion - motives not founded in fact or proof in this case.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not

7

entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the

ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

As stated, the ALJ's basis for rejection of Dr. Rana's opinion was largely conjecture. He failed to mention the objective medical findings of Dr. Rana or the support for those opinions which existed in the record. For instance, Dr. Eric Shorhum found in an examination of Claimant on March 13, 2008 that Claimant experienced decreased range of motion of the neck, especially with lateral bending to the left. Dr. Shorhum noted that the MRI scan of Claimant's cervical spine revealed significant degenerative disc disease with spondylitic changes at C5-6 that was causing severe neuroforaminal stenosis on the left. Claimant also experienced "exquisite tenderness over the right sacroiliac joint region." Dr. Shorhum diagnosed Claimant with right sacroilitis and left upper extremity radiculopathy secondary to herniated nucleus pulposus and cervical spondylosis at C5-6. (Tr. 272). In sum, the ALJ's evaluation of Dr. Rana's opinion falls far short of the required analysis. On remand, the ALJ shall reconsider his rejection of Dr. Rana's opinion in light of the totality of the medical record.

**Evaluation of Mental Impairments**

Claimant contends the ALJ failed to conduct a required PRT

analysis of her mental impairments. 20 C.F.R. §§ 404.1520a(b)(1); 404.1520a(b)(2); 404.1520a(c)(3); 404.1520a(c)(4). Claimant has been diagnosed with Pain Disorder, associated with both general medical condition and psychological factors. (Tr. 296). Claimant has also been diagnosed with anxiety and panic attacks. (Tr. 296, 347, 392, 451). The ALJ failed to perform the required analysis. On remand, the ALJ shall consider all of Claimant's mental conditions and perform the appropriate evaluation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE